UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                   Plaintiff,          MEMORANDUM
                                        OPINION AND ORDER
          - against -

                                        06 Civ. 13122 (RJS) (RLE)

GROUP HEALTH, INC., et al.,

                   Defendants.

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On November 21, 2008, the undersigned granted the City's renewed motion for an order compelling HIP to produce cost and experience data relating to its accounts. Now pending before the Court is HIP's motion for reconsideration. (Doc. No. 98.) For the reasons that follow, HIP's motion is **DENIED.**

## II. BACKGROUND

The Court presumes general familiarity with the facts, discovery history, and claims underlying the instant antitrust action, wherein the City of New York has brought suit against Group Health, Incorporated ("GHI"); HIP Foundation, Inc.; and Health Insurance Plan of Greater New York (latter two defendants, collectively "HIP") seeking temporary and permanent injunctive relief to prevent the merger of GHI and HIP, providers of health insurance. (Compl. ¶ 1.) Defendants deny that the affiliation will have an anti-competitive effect on the relevant health insurance market. (*See* HIP Answer at 7.)

In its Motion for Reconsideration, HIP asserts that the Court's November 2008 Opinion

(*see* Doc. No. 97)[1] undervalued the harm that would be done to HIP and those it insures by ordering disclosure of the cost and experience data to the City because the Opinion "overlooked (I) the Court's own prior finding with respect to the sensitivity of this information and (ii) the Strassberg Declaration that supported that finding." (Mem. of Law of Defs. HIP Foundation, Inc. & Health Insurance Plan of Greater New York in Supp. of Their Mot. for Recons. of the Nov. 21, 2008 Order Directing Produc. of Cost and Experience Information ("HIP's Mem."), Dec. 12, 2008 at 3, 7.) The City responds and asserts that the Court clearly considered HIP's concerns about the confidentiality of the information and that HIP is merely trying to reargue the correctness of the Court's balancing. (Pl.'s Mem. of Law in Opp'n to HIP Defs.' Mot. for Recons. ("City's Opp'n"), Dec. 22, 2008.)

### III. DISCUSSION

**A. Legal Standard**

To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y. 1991), *aff'd*, 972 F.2d 482 (2d Cir. 1992). A motion for

---

[1] The Court's November 2008 Opinion and Order granted the City's Renewed Motion to Compel Production of HIP's cost and experience data for its accounts. In April 2007, the Court had denied, without prejudice, the City's first such motion and gave the City guidance as to certain conditions under which the Court would reconsider its application. (*See* Op. & Order, Apr. 20, 2007 (Doc. No. 44).)

reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche*, 821 F. Supp. 152, 162 (S.D.N.Y. 1993) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 833 (S.D.N.Y. 1989)). Further, reconsideration is not a vehicle for the losing party to argue that "the Court improperly weighed and construed the facts." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *see also* FED. R. CIV. P. 72(a); LOCAL CIV. R. 6.3 (providing instruction on content and service of motions for reconsideration).

**B. The Opinion Did Not Overlook Facts, Testimony, or Controlling Legal Precedent**

HIP argues that a plain reading of the Opinion demonstrates that the Court overlooked previously submitted factual matter and controlling legal authority. (Reply Mem. of Law of Defs. HIP Foundation, Inc. & Health Insurance Plan of Greater New York in Supp. of Their Mot. for Recons. of the Nov. 21, 2008 Order Directing Produc. of Cost and Experience Information ("HIP's Reply"), Dec. 30, 2008.) Specifically, HIP quotes from the Opinion, wherein the Court recognized that HIP did not focus on its argument of the harm it would face if its data was produced to the City in their opposition to the City's renewed motion.[2] HIP concludes that the Court's subsequent finding that the balance of interests weighs in favor of producing HIP's data

---

[2] The "harm" of which HIP speaks is what it articulates as the "significant adverse impact" of disclosing to the City, its largest customer of community-rated insurance, HIP's cost and experience data. (HIP's Mem. at 3; HIP's Reply at 4.) As a community-rated product, by regulation, the premium rates for all persons covered by the policy or contract are based on the experience of the entire pool of risks. (HIP's Mem. at 4.) HIP concludes that if one of its customers learns that it is subsidizing the remainder, that customer is likely to "desert" community-rating, and this would have negative consequences for HIP and the others insured under the community-rating. (*Id.*) Finally, HIP cautions that disclosure of this type of information is against public policy and regulatory objectives and would be precedent-setting. (*Id.* at 6, 10.)

to the City was based on the Court mistakenly determining that the argument was not being offered here as grounds for continuing to protect the HIP data. (HIP's Mem. at 2; HIP's Reply at 2.) HIP posits that if the Court did not recognize the same harms to HIP resulting from disclosure that it "correctly understood and evaluated" (HIP's Mem. at 3) and found compelling in the 2007 Opinion, then "one side of the scale is incorrectly seen as being empty," and the balancing could not possibly be correctly assessed (HIP's Reply at 2-3). HIP concludes that when its countervailing harm is given its due weight, there were insufficient grounds for the Court to depart from its conclusion in the 2007 Opinion. (HIP's Reply at 5.) Further, HIP argues that because the Court did not engage in a discussion or analysis of the risks of commercial harm, those concerns must not have been properly weighed, and the mere reference to adverse selection in a footnote "hardly shows that they were considered." (HIP's Reply at 4 n.1 (referencing Opinion at 12 n.10).) This is simply incorrect. The Court concluded that the protective order in place adequately addressed this issue.

## C. Nothing Presented in HIP's Motion Materially Alters the Court's November 2008 Decision

HIP maintains that the Court failed to give proper attention to the harm it will face if its data is disclosed to the City, and this failure led to an incomplete balancing of the interests and the incorrect result. While HIP presents more extensive argument on the nature and severity of the harm it will face if its data is disclosed, it ultimately disagrees with the Court's conclusion. (HIP's Mem. at 1-6, 10; HIP's Reply at 4.) This is not a basis to grant reconsideration.

HIP also argues that the limited probative value to the City of its cost and experience data, in contrast to the dangers of adverse selection and the public policy discouraging this type

of production, should result in the scales tipping in favor of nondisclosure. (HIP's Mem. at 3, 7.) Again, this is an argument that the Court did not properly weigh factors, not that such factors were overlooked, and provides no basis for reconsideration. Similarly, HIP's argument that the Court should have resolved the dispute between the Parties' experts essentially challenges the Court's determination of the appropriate weight to be given to the respective expert submissions.

Finally, HIP argues that the protective order entered in this case is inadequate. HIP proposes two additional provisions that it believes may minimize the opportunities for prejudicial disclosure that it will face upon production of its data. (*Id.* at 10 & n.3.) The City responds that, while it does not object to the substance of HIP's suggested amendments, it notes that they were not articulated in HIP's opposition to either the City's initial motion to compel or the renewed motion, and that language in the protective order was negotiated and crafted specifically to cover these documents, in the event they were produced. (City's Opp'n at 4-5; *see* HIP's Reply at 7 n.2 (responding to the City's argument).) To the extent that HIP raises concern about the adequacy of the protective order, a motion for reconsideration is not the proper vehicle to rectify this alleged deficiency. (*See* Protective Order ¶ 24 (providing the Parties with the opportunity to seek modification for good cause shown) (Doc. No. 30).)

In sum, HIP's protestations are merely dissatisfaction with the Court's outcome. HIP fails to present any factual of evidentiary material the Court overlooked or that would have altered the Court's determination. Further, HIP has provided no controlling precedent that the Court neglected to consider in concluding that the City had adequately shown the relevance of HIP's data and that any potential harm to HIP is obviated by the protective order.

## IV. CONCLUSION

For the foregoing reasons, HIP's motion for reconsideration of the Court's November 2008 Opinion granting the City's Third Motion to Compel HIP's cost and experience data is

**DENIED.**

**SO ORDERED this 30th day of April 2009**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**